Good morning and welcome to the Ninth Circuit. We've got several cases on the calendar this May it please the Court. Focusing on the question that was faxed to us, the response is that Mr. Hilton was still in constructive custody even though his probation had terminated. And that can be clarified by this simple hypo that everyone, I think, agrees with. Counsel, at the point that the Court first ruled and decided that it didn't have jurisdiction because he had completed his probation or after you went back and in essence asked that his custody status be reinstated. At the initial point. Okay, and explain to me how under the case law he is still in custody when he has fully completed his two years of probation and there are no further court imposed restrictions than outstanding on his liberty. Okay, the case that I have cited there, the new one, is an old case. People Lozano, 1956, which stands for the principal and incidentally the District Attorney was on the winning side, pardon me, the Attorney General, was on the opposite side that they are here and the winning side on this case. What happened in Lozano was that the trial court had given a 60 day sentence but failed to institute any terms of probation. Now, more than three months later, the Court of Appeal, long after his probation had terminated and he was supposedly free, came back and said, oh no, wait a minute, under this doctrine he is still subject to all of those other terms of probation that the Court, for some reason, forgot to mention. Even, and thus it became effective. Thus, had the. Do you have any federal authority? I guess the problem I'm having with your citation to a California Appellate Court decision is the question of in custody that we are examining is for purposes of federal habeas corpus review. I do have a federal case that was not cited in my brief and that is the, listed on that little sheet there, and this is Marks v. Chippewia Cree Tribe, 545 Fed 2nd, 1188, a Ninth Circuit case. And this court held that a federal court had jurisdiction to consider a federal action even though a legal precondition to the federal action, in that case exhaustion of local remedies, which is also a legal precondition for a federal habeas action, hadn't been satisfied at the time of the petition. But what does that have to do with the question of custody? The question I'm asking you is do you have a case that says that a person is still in custody for purposes of habeas, federal habeas corpus review if he has completed his court imposed sentence including any period of probation or supervised release? Well, I, there is a, there is the third case, the California Supreme Court case, which is People v. Smith. Counsel, I'm going to ask you one more time. Do you have a federal case that addresses this issue, or is this a case of first impression? I do think it is a case of first impression, and I must argue by analogy. All right. And that's what I'm attempting to do. All right. Okay. Thank you very much. Now, People v. Donahue, I'll just Can I ask you a question that's along the same lines? If someone is in custody based on one sentence, and there's another sentence that has not yet begun but will run consecutively for a second conviction, may he, while he is in custody for the first conviction, challenge on habeas the second conviction? I would think so. I would think so. He is still under a, under the constructive application of custody. And you see, Mr. Hilton here at any time was subject to the district attorney going into court and saying to the judge, this man has not completed this portion of his sentence, this AIDS education program. And there is no question Has he ever run on him? I mean, as long as, as nobody calls the judge's attention to this, he's in custody the rest of his life. Yes. That is precisely correct. And that is what the cases have unanimously held in California. You are in custody for the rest of your life if, in fact, there is a condition, a mandatory condition, a shall-imposed condition, which either due to your negligence or the court's inadvertence has never been satisfied. That is the law. There is no exception in California law or in Federal law for that particular fact. What do we do with the AEDPA one-year statute of limitation on bringing a Federal habeas claim? Well, that's a good point. But I don't think that that might be an outer boundary. Well, I think the answer to that is fairly simple. You may be in custody and barred by the one-year statute. That's to say, custody and one-year statute are two very different questions. And if you're in custody and the statute's run, the statute's run. Correct. Correct. But that's not the case here. Well, it may or may not be, depending on whether or not the time of custody is the time he initially filed the first, when he filed the first petition, or when he sought to rejuvenate that petition because of the time he sought to rejuvenate, or file it again, or file a new one. I'm not sure how to call it. I think the time may have run. The case of people v. Dante Osborne Smith, which is the third case, 14 Pacific 3rd, 942, 102 Cal Report, or 2nd, 731, a California Supreme Court case. This is 2001. This was the last statement that I know of, of the California Supreme Court, on the question of a sentence that has not been served. And incidentally, again, the Attorney General was on the winning side, which is opposite to the side that they're on at the present. Because here in that, the court had failed to impose an additional restitution fine. The people had failed to object, and the argument was, well, if they failed to object at the time of the sentencing, then it's been waived. Smith said, uh-uh. These type of things are never waived. They are never waived. You are always subject to them. And in fact, Mr. Smith had to pay that separate and additional restitution fine. With that, I rest, and I'll save my time for rebuttal unless there are any further questions. Thank you. You've got just over three minutes in rebuttal. Thank you. May it please the Court. Peggy Rufray, Deputy Attorney General for Respondent. It's our position that there are simply no cases that say that once custody has expired that if it is somehow revived in the unusual circumstances here, then that can retroactively bestow custody for purposes of filing the petition. The reason I believe that there are no cases on that point is because I can't imagine another defendant who would, as this defendant did, go back and voluntarily ask for custody to be reinstated solely for the purpose of allowing his federal petition to be adjudicated. And the district court found that that was being manipulative, which I think is a factual finding that's supported by clear evidence. Well, there is something a little odd, and I should have addressed this to Mr. Nickerson, but it strikes me there's something a little bit odd about a defendant seeking to invoke the Great Writ in order to get out of custody when he's already out of custody, and now he goes back to court and asks to be put back into custody so that he can pursue a habeas claim. Exactly. And I'm not sure what your question is, but I think the point is that that's why there aren't any cases addressing whether there – whether it cures it. But what the cases do say – I think the main case is the Supreme Court case of Mullang v. Cook, but this Court also addressed it in Henry v. Lundgren. They say that custody must be at the time the petition is filed. And that is – there are no exceptions to that. And as we just discussed, it appears to be simply the statutory requirement at the time it's filed. I think you raise an interesting point on a related matter, which is it seems to me that at this point this case might even be moot as a separate question of the statutory in custody, because his second probationary period has now expired as well. So I don't know what remedy this Court or a federal court could possibly grant. I think the rule is that if there is custody at the time the petition is filed, the case does not go moot when custody is ended so long as there are collateral consequences from the conviction. Isn't that right? Correct. And are you saying there are no collateral consequences from the conviction? That's what would have to be the case if it were moot, having been filed properly. Yes, that's what I'm saying. But I was assuming that it was not properly filed. No, no. But assuming that it's properly filed, which is, I think, the hard question in front of us, the fact that he's thereafter released from custody doesn't render the case moot as long as there are collateral consequences. Are you saying there are no collateral consequences? I don't see what collateral consequences there would be. We didn't specifically address this in our brief. Well, for example, he's lost his job as a result of the conviction. And without the conviction on the record, I assume he's eligible for reemployment. I don't recall that fact being in the record. It may be. It is in the record. There's a declaration from Mr. Hilton that he was immediately fired upon the conviction. I don't know if that's the kind of collateral consequences that the courts normally consider. It depends on the whim of the employer and so forth. Well, I think he's fired, although this is not directly in his declaration. We could ascertain it fairly quickly. He's a public school teacher. And I think there is a statutory or perhaps it's a regulatory requirement that as soon as he's convicted of a sex offense, he's fired. A removal of the conviction would make him eligible for rehiring. Whether he's rehired is another question. That may be, yes. So there are many contingencies involved in that. And as I say, that is a peripheral question to the one here. Well, it is or is not. If you're arguing mootness, it may not be a peripheral question. Well, I think the primary question and the one on which the COA was granted is the custody. Oh, I think that's absolutely right. Yes. What do you do with those cases that say that he is subject to, when there's a mandatory part of the sentence that's omitted, that can be remedied at any time? Well, I don't disagree with that proposition, but it doesn't somehow retroactively cure the situation at the time the petition is filed. There's no way that the district court in this case could have somehow known that there was this mandatory condition that was not imposed that the defendant was going to go back and affirmatively seek to have imposed. So at the time, the district court, looking at it, could only believe that there was no custody because he had completed all the probationary terms. Yeah. He's in a class of one, but I gather the cases that opposing counsels were relying on were cases where a prosecutor or somebody discovered that something had been left out of the sentence, or maybe the court on its own motion did. And I don't dispute the proposition that if you discover something like that, you can go back and the court may impose it, and it would probably be in normal circumstances the prosecution or court that discovered it. So as a matter of state law, that doesn't seem to really speak to the question here one way or the other. And I'd like to note that at the time he finished exhausting these claims in the California courts, he still had four months before his probation expired, and he didn't end up filing his federal habeas petition for seven months. So it's not like there was some kind of tight deadline until his probation expired and he was still in custody. He certainly could have pursued it in a more expeditious manner, but he didn't. He didn't file anything for seven months. So it's not a case where there's some kind of unfairness. He simply sat on his rights. Then his probation expired. At that point, he was no longer in custody. Could you ask the question I asked of Mr. Nickerson, and that is, if someone is in custody based on one conviction, yet he has outstanding against him another conviction, the sentence will begin when he finishes this sentence. May he file habeas challenging the conviction for which he has not yet begun to serve the time? I'm not 100 percent sure of the answer, but I think it's yes, and I think the case that speaks to that is Karafis v. Lavallee, although it's going the other way. But, I mean, it's looking to a previous conviction, but I think that the answer would probably be yes. I think the answer is yes, and if we need research from either of you, we'll ask for it. But I think we can probably figure that out on our own. If that's so, that is to say, if I am a petitioner seeking to challenge a conviction for which I have not yet begun to serve my time, that is to say I'm not in custody because of the conviction that I'm challenging, how does that impact our analysis in this case? Well, presumably the reason the defendant is not in custody yet is because they're finishing their current sentence. Oh, yeah, that's the premise. Right. Well, at that point, it is an absolute certainty that the subsequent conviction is going to be served. And the only reason it's not being served right now is because the defendant is finishing the first conviction. I think that's a totally different situation than this case, where everything has been completed at the time that he files this petition. I mean, there is one case that we cite in our brief. I don't remember the name of it, but it's a Supreme Court case where the sentence was stayed. I think it was a DUI case where there was a DUI course yet to be taken, and that was stayed pending appeal. And the court said, we know for a certainty that that is going to happen at some point in the future, assuming that the appeal is unsuccessful. And so there is sufficient custody, even though there's nothing else that you have to do to complete the terms of your sentence. I think it's analogous to that, that you have a certain sentence coming up. And you're in custody. The only reason you wouldn't be in custody on that immediately is because of the other custody that you're serving. So I think it's analogous to that case, and I think it's different from this one, where there's simply nothing at all that holds you in custody. Does the case's term on whether or not a detainer has been filed with regard to the second unexecuted sentence? I'm not sure. The case law holds that he is in custody for purposes of the second conviction, so long as there is a restriction on his liberty, so that as soon as he discharges the first sentence, then he's immediately, in essence, begins serving to execute the sentence. Yes. And it may actually be that a detainer has been filed. Here there was no such thing. No, no. Absolutely nothing. I see my time is about up, and unless there are any questions, I think we've addressed it. Thank you. Thank you for your argument. I will be very brief. To the charge of manipulation, I would ask the Court to examine the record of the second trial court, that's Judge Moroza, the State trial court's hearing, where the district attorney brought all kinds of protests and things. You're being manipulated. This is a trick. We'd just be happy to stipulate that he's already done it, which led her to call, to accuse him of having the pot calling the kettle black. And to that I would add that, yes, this is very unusual. Everyone thus far, every case that we've looked at, the people or the district attorney or the attorney general have brought this. And for the first time in knowledge, the defendant has. And all I would ask this Court, what is sauce for the goose is sauce for the gander. Well, but the problem with your argument, Mr. Higginson, is that the statute talks about relief from custody. The habeas corpus statute says that you may challenge an unlawful conviction by claiming that you are being held in custody in violation of the Constitution of the United States. And there's no question that at the time your first petition was filed, your client was not in custody. And I find it a little odd that he would be seeking habeas relief to free himself from a custodial situation that doesn't exist at the time he files the petition. I agree with you. It is unusual. But at the same time, there was a constructive custody. This particular requirement, this mandatory requirement. Let's assume we don't buy that argument and we acknowledge that there's not much case authority for it. What's your fallback position? Do you lose then unless we buy that argument? No, I don't think we lose on that. And the reason we don't lose is because of California's mandatory sentencing law that is unique to California and which this Court, under the principles of comity, must follow. And it's unanimous. It can't be waived. It can't be modified. It can't be changed. As long as there is a provision unsatisfied, that acts as a type of custody. And I assume if the State is worried that there is the potential for manipulation on the part of defendants, in some sense, the State can blame people like Mr. Hilton for not having filed while he was in actual custody, if that's the right word. But in some other sense, the State might wish to blame itself for not asking for the full statutory and required sentence. Certainly. With that, I cannot more heartily agree. Thank you very much. Thank you. Thanks, both sides, for the argument in Hilton v. Johnson. It's a tricky case. We have been puzzling over it. I think we're still puzzling over it. And the arguments were very helpful. The cases of Hilton v. Johnson is now submitted. The next case on the calendar is Clark v. Lamarck. Thank you.
judges: Canby, W. Fletcher, Tallman